IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE R. TRAVIS and <br> ELISE S. TRAVIS <br> <br>        Plaintiffs, <br> <br> v. <br> <br> UNITED STATES, <br> <br>        Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil No. 05-1867 (RCL) <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM OF LAW IN SUPPORT OF THE
UNITED STATES' MOTION TO DISMISS

The relief plaintiffs request in their complaint is a refund of a federal tax they allege to have been illegally or erroneously collected (First Am. Compl. ¶¶ 1, 33) and an order enjoining the Internal Revenue Service from engaging in further collection activity (First Am. Compl. ¶ 34). Although plaintiffs assert a veritable litany of Internal Revenue Code sections in their complaint, the basic relief they request is the "[r]efund of all unassessed taxes, return of all seized property, return of all levied funds . . . ." (First Am. Compl. ¶ 33), and an order "enjoining the Internal Revenue Service . . . from engaging in any further collection activity . . . ." (First Am. Compl. ¶ 34). Under the "well-pleaded complaint rule" as articulated by the Supreme Court, plaintiffs are bound by the federal cause of action they explicitly assert in their petition. The rule states:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

Taylor v. Anderson, 234 U.S. 74, 75–76 (1914).  In other words, federal question jurisdiction depends solely on what plaintiffs plead in their complaint or petition.

Plaintiffs provide a haphazard list of Internal Revenue Code citations in alleging their causes of action.  The First Amended Complaint purports to state a claim for damages under 26 U.S.C. § 7433; but the only relief sought is a refund of taxes and an injunction against further tax collection.  Thus, plaintiffs' complaint is simply a suit for refund under 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a) and a suit to enjoin tax collection, which is barred under 26 U.S.C. § 7421.[1]

---

[1] Section 7433 permits a taxpayer to bring a civil action for damages against the government "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the [Internal Revenue Code] or any regulation promulgated" thereunder.  26 U.S.C. § 7433.  Despite citing section 7433, it is apparent that plaintiffs are seeking relief in the form of a tax refund, and thus, the Court's assessment of whether this case can be maintained depends upon 28 U.S.C. §§ 1402 and 1346.  This is because, the primary relief a party must be seeking under section 7433 is damages, while in this case, plaintiffs are seeking a tax refund and an injunction. (First Am. Compl. ¶¶ 33 & 34.)  But, even if this Court should consider plaintiffs' complaint as seeking section 7433 relief, the Court should still dismiss this action.  First, there are no facts in the plaintiffs' complaint to support a claim for damages, and thus, this Court should conclude that plaintiffs have not in fact stated such a claim.  For example, no

This Court Lacks Subject-Matter Jurisdiction.

Plaintiffs do not allege that they have either filed a claim for refund or fully paid the federal taxes. Both are necessary to waive the United States' sovereign immunity. See United States v. Dalm, 494 U.S. 596, 601-602 (1989) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); Flora v. United States, 362 U.S. at (payment in full is required filing a suit for a tax refund); Vanskiver v. Rossotti, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiffs have the burden to show that sovereign immunity has been waived. See, e.g., Paradyne Corp. v. U.S. Dept. of Justice, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)).

Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a). Since plaintiffs have not even alleged that they filed a claim for refund, this Court lacks jurisdiction. Dalm, 494 U.S. at 601-602.

---

facts are alleged which establish that "any officer or employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the [Code]." 26 U.S.C. § 7433. Thus, the plaintiffs have failed to comply with Rule 8(a), because the complaint does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).

Likewise, plaintiffs have not alleged that they have fully paid their tax liabilities. On the contrary, they seek an injunction to prevent the Internal Revenue Service from collecting the taxes due. (See First Am. Compl. § 34.) This request, in itself, implies that plaintiffs have not fully paid the taxes they seek to recover — an implication fatal to a suit for refund. See Flora, 362 U.S. at 177. In fact, Bruce R. Travis has outstanding unpaid tax assessments for years 1996 through 2000 as follows:[2]

| Year | Total Balance Due[3] | Assessed Balance Due |
|------|----------------------|----------------------|
| 1996 | $ 58,371.95 | $ 51,997.00 |
| 1997 | 103,195.98 | 91,223.26 |
| 1998 | 81,718.33 | 71,660.93 |
| 1999 | 70,973.82 | 63,944.67 |
| 2000 | 339,864.65 | 266.329.10 |
|      | $654,124.73 | $545,654.96 |

(See attached Genis Decl. and exhibits 1-6.)[4]

---

[2]   It appears that Elise S. Travis does not have any outstanding unpaid tax assessments. (See Genis Decl. ¶ 10.)

[3]   This amount includes accrued interest and penalties. (See Genis Decl. and exhibits 1-6.) In addition to the taxes assessed, Bruce R. Travis was assessed a penalty for 1998 of $554.97. (See Genis Decl., ex. 1.)

[4]   In deciding a Rule 12(b)(1) motion, the Court is not limited to the allegations in the complaint, but may also consider material outside of the pleadings in order to determine whether the Court has jurisdiction in the case. See Nemariam v. Fed. Dem. Repl. of Ethiopia, __F.Supp.2d ____, 2005WL2979652, *3 (D.D.C. 2005), citing EEOC v. St. Francis Xavier parochial Sch., 117 F.3d 621, 624-625 n.3 (D.C. Cir. 1997).

Because plaintiffs have not alleged that they filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over their claims.

<u>Venue Is Improper</u>.

Under 28 U.S.C. §§ 1402(a)(1) & 1346(a), venue for a refund suit is proper only in the judicial district in which the plaintiff resides. Inasmuch as plaintiffs are residents of Hawaii (First Am. Compl. ¶ 1), venue in this Court is improper.

Under 28 U.S.C. § 1406, this Court has the discretion to dismiss the case for lack of venue, or "in the interests of justice," to transfer it "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The interests of justice do not require transferring this case, and it fact weigh against it. Plaintiffs' First Amended Complaint alleges no facts to warrant transfer. As explained above, plaintiffs' failure to allege that they filed a a proper claim for refund or fully paid the taxes due deprives <u>any</u> federal court of subject-matter jurisdiction. <u>See</u> <u>Dalm</u>, 494 U.S. at 601-602; <u>Flora</u>, 362 U.S. at 177. Further, the complaint alleges no facts to support a claim for damages under 26 U.S.C. § 7433, and no court has authority to grant plaintiffs the injunctive relief they seek. Thus, because venue is lacking in this Court, and the interests of justice do not favor transfer to Hawaii, the Court should dismiss this case. <u>See</u> Fed. R. Civ. P. 12(b)(3).

<u>Plaintiffs' Request for Injunction Is Barred by the Anti-injunction Act</u>.

Plaintiffs seek an order enjoining the Internal Revenue Service from engaging in any further collection activities. (First Am. Compl. ¶ 34.) Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiffs' claim. <u>See</u> 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. <u>See</u> <u>Foodservice & Lodging Institute, Inc. v. Reagan</u>, 809 F.2d 842, 844-845 (D.C. Cir. 1987); <u>American Federation of Gov't Employees, AFL-CIO v. United States</u>, 660 F.Supp. 12, 13, (D.D.C. 1987).

Although the Supreme court has recognized a narrow, judicial exception to section 7421, the exception is inapplicable to the present case. In <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. <u>See</u> <u>Flynn v. United States</u>, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiffs to demonstrate that their suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. <u>Bowers v. United States</u>, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiffs cannot demonstrate that under the circumstances of this case, the government could never prevail.  They do not identify any of the tax years at issue, the amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or any other facts, other than expressing their dissatisfaction that the Internal Revenue Service is attempting to collect their unpaid taxes.[5]

As for the second prong, plaintiffs have failed to demonstrate the existence of equitable jurisdiction.  Plaintiffs must show that there is irreparable injury and inadequacy of legal remedies.  See, Foodservice & Lodging Institute, 809 F.2d at 844-845; Flynn , 766 F.2d at 598.  Plaintiffs can temporarily forestall collection — which is the ultimate relief they request — by requesting a "collection due process hearing" with the Internal Revenue Service.  See 26 U.S.C. § 6330.  Moreover, they can fully pay the taxes and then file a claim for refund.  Because the Internal Revenue Code provides an administrative procedure by which they can obtain relief, there is no equitable jurisdiction.  Accordingly, the second prong of the Enoch test fails.

In sum, this Court lacks jurisdiction over plaintiffs' request for injunctive relief because such relief is barred by the Anti-Injunction Act.  Plaintiffs have not established

---

[5] As already discussed, an allegation conceding that taxes have not been fully paid is fatal to a suit for refund.  See Flora, 362 U.S. at 177.

the extraordinary circumstances that may justify issuing an injunction under the judicial exception. Thus, the Court should dismiss this case.

For the reasons stated in this brief, i.e., that this Court lacks subject-matter jurisdiction, venue is improper and plaintiffs' request for injunctive relief is barred by the Anti-Injunction Act, plaintiffs' First Amended Complaint should be dismissed.

DATED:   December 22, 2005.

                Respectfully submitted,

                /s/ Pat S. Genis
                PAT S. GENIS #446244
                Trial Attorney, Tax Division
                United States Department of Justice
                Post Office Box 227
                Washington, DC 20044
                Telephone: (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney
555 4th Street, NW
Washington, DC 20001
Telephone: (202) 514-7566

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Memorandum of Law in Support of the United States' Motion to Dismiss, proposed order, and Declaration of Pat S. Genis with exhibits 1-6 was made on December 22, 2005, by mailing, postage prepaid, addressed to:

> Bruce R. Travis
> Elise S. Travis
> 214 Heleuma Place
> Wailea Maui, Hawaii 96753

        /s/ Pat S. Genis
        PAT S. GENIS   #446244